[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Clifford Johnson, has moved to dismiss the first count of an information in which he is charged, inter alia, with violating section 21a-278(a) of the General Statutes. In the event of conviction this statute provides for life imprisonment as the maximum penalty.
The defendant, Clifford Johnson, was arrested by Bridgeport police officers, without a warrant, on November 7, 1994. He was presented in the Superior Court, G.A. 2, on November 9, 1994. The charges at that time included (1) the sale of illegal drugs in violation of section 21a-278(b); (2) operation of a drug factory in violation of section21a-277(c); and (3) two counts of illegal possession of an assault weapon in violation of P.A. 93-306-3.
On December 21, 1994, this case was transferred to Part A of the Superior Court. Thereafter, on January 3, 1995, in a long form information the defendant, in addition to the original charges, was also charged with a violation of General Statutes section 21a-278(a) thereby requiring a preliminary probable cause hearing in accordance with the mandate of General Statutes section 54-46a.
A probable cause hearing in this matter commenced on February 2, 1995 at which time the defendant moved to dismiss the charge in question.
The defendant argues that he was entitled to a preliminary probable cause hearing within sixty days of November 9, 1994, which was his first court date resulting from his arrest two days earlier (November 7, 1994) since section 54-46a mandates that the hearing "shall be conductedwithin sixty days of the filing of the complaint orinformation in superior court unless waived by the accused CT Page 1772 person or extended by the court for good cause shown." (Emphasis added.)
The defendant's position is untenable when one considers the consequences of such a view. If the interpretation urged by the defendant were to be adopted, the prosecution would be effectively precluded from ever amending an information to include a crime punishable by death or life imprisonment after the filing of the original complaint or information. Such a result would be unworkable and could result in serious injustice in some circumstances.
Clearly, the sixty day time period provided for in section 54-46a commences upon the filing of an information charging the defendant with a crime that entitles him to such a hearing. Any other interpretation would thwart the evident design intended by the legislature and lead to absurd results. See State v. Pastet, 169 Conn. 13, 21-22 (1975).
In this case the controlling date is January 3, 1995. Since the hearing in probable cause commenced on February 2, 1995, the proscribed statutory standard has been satisfied.
The motion to dismiss the first count of the information is denied.